Argued October 9; reversed October 24, 1947

## DeWAAL *v.* CALIFF ET UX.

185 P. (2d) 577

*Livy Stipp,* of Oregon City, for appellants.

*Clifford S. Beckett,* of Oregon City (Butler & Jack, of Oregon City, on the brief), for respondent.

Before ROSSMAN, Chief Justice, and KELLY, BAILEY and HAY, Justices.

BAILEY, J.

The plaintiff and defendants label this proceeding a suit for specific performance of a build-

ing contract. In his complaint plaintiff, Paul DeWaal, alleges that on November 14, 1944, he entered into a contract with defendants, Gilbert W. Califf and Florence E. Califf, his wife, to build a house in Clackamas county, Oregon, for the sum of $3,700.00; that he "entered into the work necessary for the fulfillment thereof and furnished the materials and labor necessary to comply with the terms, conditions and covenants of said contract"; that on the 4th day of May, 1945, the defendants "refused to permit the advancement of money to the plaintiff pursuant to and under the terms of said contract and refused to permit the plaintiff to finish the building under said contract"; that on the 23rd day of July, 1945, the defendants notified the plaintiff that they were going "to contract to complete said house with a third party for the sum of $1,267.50, and said defendants by said notice notified the plaintiff that said defendants would and did claim that the plaintiff was liable for said sum"; that plaintiff is ready, able and willing to finish "said construction work under said contract for the balance due under said contract, to-wit: The sum of $700.00"; and that plaintiff has no plain, speedy or adequate remedy at law. Plaintiff prays for a decree requiring the defendants "to permit plaintiff to finish said work under said contract; for a further order requiring defendants to pay plaintiff the sum of $700.00".

Defendants deny each and every allegation of the complaint except as "alleged in the further and separate answer". It is there alleged that on the 14th day of November, 1944, plaintiff undertook to construct a house for defendants; that the construction thereof was begun on the 24th day of November, 1944, and was to be finished within 90 days thereafter; that

it was provided in said contract, "If the contractor fails to prosecute the work with such diligence as will insure its completion within the time specified in said contract * * * the owner may, with the approval of the representative terminate the contractor's right to proceed. In such event, the owner may take over the work and prosecute the same by contract or otherwise"; and that the term "representative" referred to in the preceding quotation was "the person designated as such by the Farm Security Administration of the United States Department of Agriculture, which was furnishing the funds to construct the house." It is further alleged:

"That plaintiff was endeavoring to do most of the work of construction on said house himself and was so poorly qualified to do the work he continually made mistakes and had to do much of the work over and also kept away from the work on this contract when he might have been working thereon that it was early seen that he would not complete the work in the time specified wholly by his own ineptness as a carpenter or builder and unnecessary lack of proceeding with the work and on account of unnecessary delays. That his attention was frequently called to his inattention to the building of this house and he was urged repeatedly to get along with the said construction without effect.

"That on the 4th day of May, 1945, it was apparent that the house could not be finished within any reasonable or calculable time and certainly within several months additional time, the defendant, Gilbert W. Califf, with the approval and advice of the representative canceled the said contract by reason of such delay and the lack of prospect that the building of said house would be completed within any possible known or estimated time."

Defendants pray that the suit be dismissed and for their costs and disbursements.

After denying the material allegations of the affirmative answer, plaintiff, in his reply, alleges that "it was specifically provided that the work of constructing said house should be completed within a certain specified period of time, and the defendants and each of them specifically and individually waived said rights under said contract and agreed that plaintiff would have additional time to complete said contract, and acting upon said waiver and pursuant to said agreement plaintiff continued to work on said premises under said contract until refused the right to work as set forth in plaintiff's complaint."

Although, as hereinbefore stated, the parties to this proceeding refer to it as one for specific performance, nevertheless it is apparent from the complaint that plaintiff is seeking a mandatory injunction requiring the defendants to permit him to finish the construction of the house and to make payment therefor upon its completion.

The litigants on the first hearing before the circuit court construed the pleadings as presenting only one issue, to wit: Whether defendants had wrongfully terminated the plaintiff's right to proceed with the construction of the house. On that hearing the contract which formed the basis of the litigation was introduced in evidence. It provided that the house was to be completed within 90 calendar days after the commencement thereof; that the contract price was $3,700.00; that the construction should be done under the supervision and direction of the representative of the Farm Security Administration of the United States Department of Agriculture; that in making monthly payments on the contract "there shall be retained 10 percent on the estimated amount until final acceptance

of all work covered by the Contract"; and that "If the Contractor fails to prosecute the work with such diligence as will insure its completion within the time specified in paragraph 1 of the Contract, or any extension thereof, or fails to complete said work within such time, or in the event the Contractor or any subcontractor violates any of the provisions of the Contract, the Owner may, with the approval of the Representative, terminate the Contractor's right to proceed. In such event the Owner may take over the work and prosecute the same to completion by contract or otherwise, and the Contractor and his surety shall be liable to the Owner for any excess cost occasioned the Owner thereby".

There was also introduced in evidence a letter written by defendant Gilbert W. Califf to the plaintiff and his surety under date of May 4, 1945, in which it was stated that the plaintiff had failed to work with any diligence on the house; that the construction was commenced on November 24, 1944, and should have, under the terms of the contract, been completed by February 22, 1945; "that at this time he [DeWaal] has abandoned the work entirely;" and that the owner "is taking over the work and will complete the same according to the contract". This letter was approved by the representative of the Farm Security Administration.

Under date of May 8, 1945, plaintiff, in answer to the foregoing letter, wrote to Gilbert W. Califf and the government's representative in which, among other things, he said: "Secondly, you mentioned the fact that I have failed to finish approximately ten days' work on the house and at the time you do this you know that I have demanded payments under the contract for the purpose of obtaining the money to buy the

materials and finish this house and you and each of you have withheld payments, and when you did that you knew you were making it impossible for me to finish the house. Under the contract I am entitled to all of the price except the ten per cent and if that is paid the house will be promptly and completely finished. * * * This is notice to you and each of you therefore that I am ready and willing to finish the contract work on the house as soon as the money is available under the terms of the contract." He further stated in the letter that "I will do no work on the house until the money is posted for the materials necessary to complete the same."

Evidence was introduced on behalf of the plaintiff which he claimed tended to show that the defendants wrongfully and without cause had canceled the contract. Defendants, on the other hand, introduced evidence which they asserted tended to show that they had the right to take over and complete the contract. After both plaintiff and defendants rested the court stated that he would "defer making my final decision until you gentlemen have indicated that you cannot get together on the matter. I have indicated what my views are." That was on the 18th day of September, 1945. The parties were unable to agree upon the terms of a settlement and on February 10, 1947, proceedings were resumed. The court then stated that what he proposed to do was "to give the plaintiff a judgment less such amounts as would be necessary to make good the work that had not been completed on the specifications".

Thereupon evidence was introduced on the question of how much it would cost to complete the construction of the building. This evidence was admitted

over the objection of defendants that it was not within the issues of the pleadings. At the close of the second hearing the court awarded plaintiff judgment against the defendants for the sum of $150. From this judgment the defendants have appealed.

■ Apparently the theory on which the circuit court decided the case in favor of plaintiff was that defendants had wrongully terminated his right to proceed with the construction of the house and therefore plaintiff was entitled to the profits which he would have realized if he had not been prevented from performing. *Krebs Hop Co. v. Livesley,* 59 Or. 574, 114 P. 944, 118 P. 165, Ann. Cas. 1913 C, 758. However, the complaint presents no such issue. There is nothing therein contained which would support a judgment for damages for breach of contract. The evidence as to what it would cost to complete the building went in over defendants' objection. There was no request to amend the complaint. Moreover, the facts show that defendants were justified in taking over and assuming the completion of the house, and that plaintiff, and not the defendants, had breached the contract.

The full contract price for the construction of the house was $3,700.00. Plaintiff testified that he had received $3,000 on the contract and that at the time he stopped work on the house it would have cost $500 to complete it. Mr. Gooding, the government's representative, testified that it would cost in the neighborhood of $1,000. From the contract price the defendants were to retain 10 per cent, i. e., $370.00, until final acceptance of the work by the defendants and the representative of the Farm Security Administration. There had not been any such acceptance. It therefore clearly appears from the record that plaintiff was not

entitled to any additional payment of money at the time he quit.

■ Plaintiff's own evidence is to the effect that he had refused to do any more work on the house until additional payments had been made to him by defendants and that without such additional payments he was financially unable to purchase the necessary materials for its completion. Under the terms of the contract the house was to be completed by February 22, 1945. It was not until May 4th of that year, and after the plaintiff had ceased to work on the building, that the defendants notified him that they were "taking" over the work and will complete the same according to the contract.

The judgment appealed from is reversed and the suit is dismissed. Defendants are entitled to their costs and disbursements in this court and in the circuit court.